# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *  *
NORA KENNEY,                             *
                                         *    No. 11-363V
                    Petitioner,          *    Special Master Christian J. Moran
                                         *
v.                                       *    Filed: November 18, 2014
                                         *
SECRETARY OF HEALTH                      *    Attorneys' fees and costs, interim
AND HUMAN SERVICES,                      *    award, amount which is not disputed.
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * * *  *

Ronald C. Homer, Conway et al., P.C., Boston, MA, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for
respondent.

### UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

Nora Kenney claims that the Tetanus diphtheria-acellular pertussis ("Tdap"),
human papillomavirus ("HPV"), and meningococcal vaccines she received on June
16, 2008, caused her to suffer an underlying seizure disorder, autoimmune
epilepsy. Ms. Kenney seeks compensation pursuant to the National Childhood
Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 et seq. (2006). Her case remains
pending.

Ms. Kenney is now awarded, on interim basis, attorneys' fees and costs in
the total amount of **$82,000.00**. See Avera v. Sec'y of Health & Human Servs.,
515 F.3d 1343, 1352 (Fed. Cir. 2008).

On October 24, 2014, Ms. Kenney filed an application for an award of
interim attorneys' fees and reimbursement of costs, seeking a total of $87,270.35.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b),
the parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special
master will appear in the document posted on the website.

This request includes work performed by Ms. Kenney's attorney, Ronald C. Homer, through October 15, 2014, as well as fees from her life care planner, Maureen P. Clancy. On November 5, 2014, respondent filed a joint stipulation of fact stating that the parties have agreed to the (reduced) amount of **$82,000.00** for interim attorney's fees and costs to be awarded to Ms. Kenney and to which respondent will not object.

Regardless of whether they entitled to compensation, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Respondent does not contend that Ms. Kenney fails to satisfy this standard. Thus, Ms. Kenney is entitled to an award of attorneys' fees and costs.[2]

After a determination that Ms. Kenney is entitled to an award of attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the (reduced) requested amount is reasonable. Therefore, Ms. Kenney is awarded the amount to which respondent did not object.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor. Those fees and costs are awarded as follows:

**A lump sum payment of $82,000.00, in the form of a check payable to petitioner and petitioner's counsel of record, Ronald C. Homer.**

The Clerk shall enter judgment accordingly.[3] The court thanks the parties for their cooperative efforts in resolving this matter.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] The finding that the petition was supported by good faith and reasonable basis is not intended to suggest whether Ms. Kenney is entitled to compensation.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.